United States District Court
Southern District of Texas
**ENTERED**
August 18, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JAMAL DERRICK HUDSON, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:16-CV-309 |
| | § | |
| WARDEN HANSEN, *et al*, | § | |
| | § | |
| Respondents. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner Jamal Derrick Hudson is an inmate in the Federal Bureau of Prisons and is currently incarcerated in Three Rivers, Texas. (D.E. 1, Page 7). Proceeding *pro se,* Petitioner filed this petition pursuant to 28 U.S.C. § 2241 on June 23, 2016.[1] (D.E. 1, Page 6). The subject of the petition is a May 24, 2012 United States Eastern District of Louisiana conviction for conspiracy to commit access device fraud and bank fraud. *United States v. Hudson*, No. 2:09-cr-171 (E.D. La. May 24, 2012). Petitioner alleges his conviction was void because it was entered on a legal holiday. (D.E. 1, Page 3). Petitioner submitted a memorandum in support of his petition on June 23, 2016. (D.E. 1-1, Page 7).

As discussed more fully below, it is recommended Petitioner's petition be **DISMISSED** because Petitioner has previously litigated this issue in a motion filed pursuant to 28 U.S.C. § 2255.

---

[1] The petition was signed on June 23, 2016, and received by the Court on July 21, 2016. (D.E. 1, Page 6); *Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998)(A *pro se* prisoner's "habeas corpus petition should be deemed filed when the petition is handed over to prison authorities for mailing.")

I.  JURISDICTION

Jurisdiction and venue are proper in this Court because Petitioner is incarcerated and serving sentence in a Federal Prison located in Three Rivers, Texas, which is within the Corpus Christi Division of the Southern District of Texas.  28 U.S.C. § 2241(d); *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000); 28 U.S.C. § 124(b)(6).

II.  BACKGROUND

On November 11, 2011, Petitioner was found guilty of conspiracy to commit access device fraud and bank fraud by a jury.  *United States v. Hudson,* No. 2:09-cr-171 (E.D. La. Nov. 11, 2011).  Petitioner was sentenced on May 24, 2012.  Petitioner filed a timely appeal shortly after his conviction, and the decision of the trial court was affirmed by the Fifth Circuit Court of Appeals on December 20, 2013.  *United States v. Hudson*, 550 Fed. Appx. 207, 211 (5th Cir. 2013).

Petitioner filed an initial 28 U.S.C. § 2255 petition on December 15, 2014, which was denied on June 30, 2015.  *United States v. Hudson*, 2015 WL 4042106 at *8 (5th Cir. 2015).  In that § 2255 petition, Petitioner stated nine grounds for relief including that his conviction was invalid because it occurred on Veterans Day, a legal holiday.  *United States v. Hudson*, 2015 WL 4042106 at *6-7 (E.D. La. June 30, 2015).  The Fifth Circuit upheld the denial of Petitioner's § 2255 petition on January 27, 2016.  *United States v. Hudson,* No. 2:09-cr-171, (E.D. La. July 22, 2015).

Petitioner filed the instant petition pursuant to 28 U.S.C. § 2241 on June 23, 2016. (D.E. 1, Page 6).  In this petition, he alleges his conviction was invalid because his trial and conviction occurred on Veterans Day, November 11, 2011, a federal holiday.  (D.E. 1, Page 3).

This same allegation was raised in Petitioner's previous § 2255 petition. *United States v. Hudson*, 2015 WL 4042106 at *8 (E.D. La. June 30, 2015). Petitioner alleges relief pursuant to § 2255 is inadequate or ineffective because the District Court failed to consider his "Legal Holiday" argument. (D.E. 1, Page 3).

### III. DISCUSSION

#### A. *Standard*

Section § 2255 is the primary means of collaterally attacking a federal sentence. *Cox v. Warden, Fed. Det. Ctr.,* 911 F.2d 1111, 1113 (5th Cir. 1990). Section § 2241 is used to attack the manner in which a sentence is executed. *United States v. Cleto,* 956 F.2d 83, 84 (5th Cir. 1992). A § 2241 petition which attacks errors that occur at trial or sentencing is properly construed under § 2255. *Solsona v. Warden, F.C.I.,* 821 F.2d 1129, 1131-32 (5th Cir. 1987). Nevertheless, a § 2241 petition attacking a federally imposed sentence may be considered if the petitioner establishes the remedy under § 2255 is inadequate or ineffective. *Cox,* 911 F.2d at 1113. A prior unsuccessful § 2255 motion, or the inability to meet AEDPA's "second or successive" requirement, does not make § 2255 inadequate or ineffective. *Tolliver v. Dobre*, 211 F.3d 876, 877–78 (5th Cir. 2000).

#### B. *Analysis of Petitioner's Motion*

Petitioner is attempting to circumvent the limitations on filing successive § 2255 motions. His contention that § 2255 is inadequate or ineffective because it would be dismissed as successive is without merit. *See Tolliver,* 211 F.3d at 877–78.

The District Court of the Eastern District of Louisiana already considered and dismissed Petitioner's "Legal Holiday" argument. *United States v. Hudson,* 2015 WL 4042106, at *3-5

(E.D. La. June 30, 2015). Hudson argued the unconstitutionality of holding a trial on a legal holiday. The Fifth Circuit, however, declined to consider this argument on procedural grounds as Petitioner did not object to holding trial on Veterans Day at the time the Court decided to proceed. *United States v. Hudson,* 550 Fed. Appx. 207, 210 (5th Cir. 2013).[2]

## IV.  RECOMMENDATION

Petitioner has failed to demonstrate why this Court should consider his § 2241 motion when the proper vehicle to challenge his conviction would be a § 2255 motion, which in this case would be denied as successive. Therefore, it is respectfully recommended that this action be **DISMISSED**.

ORDERED this 18th day of August, 2016.

                                                                Jason B. Libby
                                                     United States Magistrate Judge

---

[2] The Fifth Circuit Court of Appeals determined Petitioner failed to prove the existence of any "actual prejudice" as a result of his trial being held in part on Veterans Day. *United States v. Hudson,* 550 Fed. Appx. 207, 210 (5th Cir. 2013). The Court indicated it was not unconstitutional for a jury to return a verdict during non-business hours, and Petitioner provided no evidence that the date of the verdict "infected his *entire trial* with error." *Id.* (emphasis in original).

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a Magistrate Judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).