United States District Court
Southern District of Texas
**ENTERED**
November 14, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JAMAL DERRICK HUDSON, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL NO. 2:16-CV-309 |
| | § | |
| WARDEN HANSEN, *et al*, | § | |
| | § | |
| Respondents. | § | |

# ORDER

    Petitioner Jamal Derrick Hudson ("Hudson") is an inmate in the Federal Bureau of Prisons and is currently incarcerated in Three Rivers, Texas. D.E. 1 at 7. Proceeding *pro se,* Petitioner filed this petition pursuant to 28 U.S.C. § 2241. The subject of the petition is a May 24, 2012 United States Eastern District of Louisiana conviction for conspiracy to commit access device fraud and bank fraud. *United States v. Hudson*, No. 2:09-cr-171 (E.D. La. May 24, 2012). Petitioner alleges his conviction was void because the trial was held and the conviction delivered on Veteran's Day, a legal holiday. D.E. 1 at 2.

    The Court has before it Hudson's petition, D.E. 1; Hudson's memorandum in support of his petition, D.E. 1-1; the Memorandum and Recommendations ("M&R") of the Magistrate Judge to whom this case was referred pursuant to 28 U.S.C. § 636(b), D.E. 4; and Hudson's Objections to the M&R, D.E. 5.

    The Magistrate Judge recommended that Hudson's petition be dismissed because Hudson previously litigated the legal holiday issue in a motion filed by Hudson pursuant to 28 U.S.C. § 2255. D.E. 4 at 1. In that § 2255 petition, Petitioner stated nine grounds for relief including that his conviction was invalid because it occurred on Veterans Day, a legal holiday. *United States v. Hudson*, 2015 WL 4042106 at *3 (E.D. La. June 30, 2015). The Court held that it would not consider Hudson's unconstitutionality of holding a trial on a legal holiday claim because he had already raised the issue in his direct appeal, and the Fifth Circuit had disposed

of it because he did not raise the issue for the district court. *Id.; see also United States v. Hudson*, 550 F. App'x 207, 210 (5th Cir. 2013) ("Hudson's argument that his right to a public trial was infringed when the trial judge held proceedings on Veterans Day was waived because it was not raised in the district court."). The Fifth Circuit upheld the denial of Petitioner's § 2255 petition. *United States v. Hudson,* No. 2:09-cr-171 (E.D. La. July 16, 2015) ("The entirety of the trial proceedings during which this evidence was presented were held during the work week. That the jury returned its guilty verdict on a legal holiday did not "infect[ ] his *entire trial* with error of constitutional dimensions.") (citing *United States v. Shaid*, 937 F.2d 228, 236 (5th Cir.1991)).

Petitioner filed the instant petition pursuant to 28 U.S.C. § 2241 on June 23, 2016. D.E. 1. Petitioner states that the remedy under § 2255 was inadequate because the District Court and the Fifth Circuit failed to address his legal holiday argument—specifically the validity, legality and constitutionality of a trial and conviction on a legal holiday. D.E. 1 at 3. The M&R recommends Hudson's petition be dismissed because he has previously litigated this issue in his § 2255 motion. D.E. 4 at 4 ("Petitioner has failed to demonstrate why this Court should consider his § 2241 motion when the proper vehicle to challenge his conviction would be a § 2255 motion, which in this case would be denied as successive.").

After independently reviewing the record and considering the applicable law, the Court adopts the Magistrate Judge's proposed findings and recommendations. The Petitioner's Petition for Writ of Habeas Corpus pursuant to § 2241 is **DENIED.** The Clerk shall close this case after entering the accompanying judgment.

It is so **ORDERED**.

SIGNED this 10th day of November, 2016.

Hilda Tagle
Senior United States District Judge